JUSTICE RICE,
dissenting.
¶22 On a daily basis, sentencing courts impose conditions which require defendants to participate in such programs as anger management counseling, sex offender treatment, mental health or chemical dependency evaluations, parenting classes, and to complete various community service tasks, in order to further their rehabilitation. Today the Court holds that, despite having broad discretion to impose such conditions, sentencing courts are powerless to require defendants to pay the fee which makes their participation in such programs possible. In my opinion this decision not only lacks common sense, but is an absurd rendering of the sentencing statutes.
¶23 I agree that “[njothing in § 46-18-201(4)(o), MCA, authorizes trial judges to simply agree-by local rule or otherwise-to impose a particular condition on all defendants being sentenced in their judicial district[,j” Opinion, ¶ 16, and that a sentencing court is prohibited from instituting a uniform sentencing scheme that fails to meet the Ashby nexus requirement as applied to each individual defendant. However, these general principles ignore the fact that, as applied to VanWinkle, Condition 13 is a related condition aimed at recouping rehabilitation costs for VanWinkle’s own rehabilitation.
¶24 Pursuant to the plea agreement, VanWinkle agreed to “complete 150 hours of community service” and to “pay a fine to go to the community service program in the amount of $85.00.” The District Court subsequently imposed payment of the $85 “fine” as a “fee.” Accordingly, the Court likens this case to our decisions in Krum and Stephenson. However, neither case requires the broad rule which the Court imposes today.
*183 ¶25 In Krum, the defendant was required to pay large sums of money to local non-profit organizations such as Big Brothers and Sisters. Krum, ¶ 8. We concluded that the assessments constituted “affirmative duties to make donations to community entities” and were illegal sentencing conditions pursuant to § 46-18-202(l)(f), MCA. Krum, ¶ 20. In Stephenson we determined that the same $85 fee at issue here was impermissible because the court lacked statutory authority to impose it as a condition of sentencing. Stephenson, ¶ 33. Because the instant case involves the same $85 fee as in Stephenson the Court concludes that the issues are “identical.” Opinion, ¶ 11. However, they are not. We did not consider in either Krum or Stephenson a sentence requiring payment of a program fee by a defendant who participates in the program as part of his sentence.
¶26 Here, as a participant in the community service program, VanWinkle was ordered to pay an $85 fee to that program. Unlike our decisions in Krum and Stephenson, the fee at issue here is neither a random charity payment nor a standard sentencing assessment imposed to raise money for a court program. Rather, this fee was assessed to cover the costs of VanWinkle’s own participation in a rehabilitative program. Sentencing courts are authorized, pursuant to statute, to impose reasonable conditions, including a wide array of rehabilitative programs, and I believe the only reasonable interpretation of that same statutory authority allows a court to impose a requirement for payment of the very fees necessary for defendants to attend the programs.
¶27 While the Court is rightly worried about blanket sentencing conditions, that is not the issue here. Unfortunately, this holding will undermine legitimate sentencing authority and interfere with the rehabilitative efforts which courts are making in thousands of cases. I dissent.